**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:21-CR-00156 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| JAIVAUN MCKNIGHT | ) | |
| | ) | |
| | ) | JULY 21, 2025 |

**<u>Order Denying Motion for Compassionate Release (ECF No. 1163)</u>**

Kari A. Dooley, United States District Judge:

Defendant Jaivaun McKnight has moved *pro se* pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for an order of compassionate release from confinement in light of, *inter alia*, his post-sentencing rehabilitation while incarcerated, his age at the time of the instant offense, changes to the sentencing guidelines, and his viable release plan. Mr. McKnight was convicted of Racketeering Conspiracy; Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering; Carrying and Using (Discharging) a Firearm during and in relation to a Crime of Violence; and Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances. He was sentenced on June 27, 2024, to a total effective sentence of 168 months incarceration, 120 months of which represented a consecutive mandatory minimum sentence for the firearm offense. *See* J., ECF No. 1011. The Government opposes McKnight's motion on the grounds that he has failed to show extraordinary and compelling reasons warranting a sentence reduction and because the § 3553(a) factors counsel against release. For the reasons that follow, the motion is DENIED.

A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) upon motion of the Director of the Bureau of Prisons, or (2) upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Mr. McKnight avers that he requested compassionate release on December 2, 2024, and that 30 days passed before he filed the instant motion, which is dated February 24, 2025, and was docketed on February 28, 2025.

Upon exhaustion of a defendant's administrative remedies, § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(a); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). A district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

As indicated above, Mr. McKnight pled guilty to racketeering conspiracy; attempted murder and assault with a dangerous weapon in aid of racketeering; carrying and using a firearm during and in relation to the VCAR attempted murder; and conspiracy to distribute and possess with intent to distribute controlled substances. His crimes arise out of his involvement with an exceptionally violent street gang known as "960." As he acknowledges in his motion, 960 and its members were responsible for multiple shootings (and murders) of both innocent bystanders and rival gang members. 960 turned Waterbury, Connecticut into a war zone. Mr. McKnight was personally involved in one such shooting when he and several of his co-defendants fired multiple shots at and into a residence on Scott Road. Mr. McKnight and his 960 co-defendants also engaged in prolific narcotics trafficking.

2

As a result of the Defendant's conduct, at sentencing, Mr. McKnight's advisory guideline range was 217-241 months of imprisonment. The Court granted a downward variance from this range, largely due to Mr. McKnight's age at the time of the criminal conduct but also in light of additional mitigating factors. *See* Sentencing Tr., ECF No. 1055 at 47–50. Notwithstanding, the Court further determined that the remaining Section 3553(a) factors merited a significant and substantial period of incarceration. *Id.* at 50–52. The Court imposed a total effective sentence of 168 months, which included a mandatory minimum sentence of 120 months running consecutive to a 48-month sentence on the remaining counts. Now, less than a year later, Mr. McKnight essentially asks this Court to reconsider his sentence. But in so doing, he has failed to show extraordinary and compelling reasons for a sentence reduction. He has neither demonstrated exceptional efforts at rehabilitation nor otherwise identified a proper basis upon which compassionate release should be granted.

Nor do the § 3553(a) sentencing factors weigh in favor of compassionate release. All of the reasons Mr. McKnight offers for compassionate release were taken into consideration at the time of sentencing, when the Court varied *downward* to impose the lesser sentence of 168 months of incarceration. The Court was of the view then, and remains of the view now, that Mr. McKnight—as an avowed member of a violent street gang, who participated in violent crimes in aid of racketeering, to include attempted murder, and who engaged in significant narcotics trafficking—is a danger to the community. The sentence of 168 months, while accounting for his youth, was necessary to promote respect for the law, protect society from the defendant, impose appropriate punishment, and provide both specific and general deterrence. It was sufficient, though no greater than necessary, to serve the purposes of sentencing. Little has changed since the Court sentenced Mr. McKnight. Mr. McKnight is however, encouraged to take advantage of available

programming in order to increase the likelihood of success upon his release back into the community. For the reasons articulated at sentencing and upon due consideration of the § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

Mr. McKnight's motion for compassionate release is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of July 2025.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE